# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2015-B, Mortgage-Backed Notes, Series 2015-B | CIVIL ACTION NO: 2:19-cv-00365-LEW |
| **Plaintiff** | **AMENDED COMPLAINT** |
| vs. | RE:<br>12 Karen Drive, Gray, ME 04039 |
| **Julie Poland a/k/a Julie R. Poland; and The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-20CB Mortgage Pass-Through Certificates, Series 2006-20CB** | Mortgage:<br>June 24, 2009<br>Book 27027, Page 329 |
| **Defendants** | |

NOW COMES the Plaintiff, U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2015-B, Mortgage-Backed Notes, Series 2015-B, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Julie Poland a/k/a Julie R. Poland, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank

National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2015-B, Mortgage-Backed Notes, Series 2015-B, in which the Defendant, Julie R. Poland, is the obligor and the total amount owed under the terms of the Note is Two Hundred Forty-Nine Thousand Nine Hundred Seventy-Seven and 34/100 ($249,977.34) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2015-B, Mortgage-Backed Notes, Series 2015-B is a corporation with its principal place of business located at 425 Walnut Street, Cincinnati, OH 45205.

5. The Defendant, Julie R. Poland, is a resident of Gray, County of Cumberland and State of Maine.

6. The Defendant, The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-20CB Mortgage Pass-Through Certificates, Series 2006-20CB is located at 240 Greenwich Street, New York, NY 10286.

# FACTS

7. On June 21, 2009, by virtue of a Warranty Deed from Anita Wiers, which is recorded in the Cumberland County Registry of Deeds in **Book 27027, Page 327**, the property situated at 12 Karen Drive, Gray, County of Cumberland, and State of Maine, was conveyed to the Defendant, Julie Poland a/k/a Julie R. Poland, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).[1]

8. The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-20CB Mortgage Pass-Through Certificates, Series 2006-20CB is a Defendant pursuant to a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. as nominee for America's Wholesale Lender, dated April 21, 2006, executed by Anita Wiers, in the amount of $208,000.00, and recorded in the Cumberland County Registry of Deeds in Book 23889, Page 122, as affected by Assignment of Mortgage to The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-20CB Mortgage Pass-Through Certificates, Series 2006-20CB, dated January 20, 2009, and recorded in the Cumberland County Registry of Deeds in Book 26590, Page 268.

---

[1] Exhibits A-N referenced herein were previously filed on August 12, 2019; please refer to ECF #1.

9. Upon information and belief, it was the intention of The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-20CB Mortgage Pass-Through Certificates, Series 2006-20CB to discharge and release the Mortgage in favor of Mortgage Electronic Registration Systems, Inc. as nominee for America's Wholesale Lender, dated April 21, 2006, executed by Anita Wiers, in the amount of $208,000.00, and recorded in the Cumberland County Registry of Deeds in Book 23889, Page 122, by virtue of a Discharge of Mortgage, dated July 17, 2009, and recorded in the Cumberland County Registry of Deeds in Book 27118, Page 265; said Discharge of Mortgage was executed by Mortgage Electronic Registration Systems, Inc. did not hold title at the time the Discharge of Mortgage was signed, as Mortgage Electronic Registration Systems, Inc. assigned its interest to The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-20CB Mortgage Pass-Through Certificates, Series 2006-20CB on January 20, 2009, by virtue of Assignment of Mortgage recorded in the Cumberland County Registry of Deeds in Book 26590, Page 268, as a result, The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-20CB Mortgage Pass-Through Certificates, Series 2006-20CB, is named as a Defendant in this matter.

10. On June 24, 2009, Defendant, Julie R. Poland, executed and delivered to Taylor, Bean & Whitaker Mortgage Corp. a certain Note under seal in the amount of $194,413.00. Defendant, Julie R. Poland's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on June 24, 2009, the Defendant executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Taylor, Bean & Whitaker Mortgage Corp., securing the property located at 12 Karen Drive, Gray, ME 04039 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 27027**, **Page 329**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP by virtue of an Assignment of Mortgage, dated September 22, 2011, and recorded in the Cumberland County Registry of Deeds in **Book 29023**, **Page 16**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to The Secretary of Housing and Urban Development by virtue of an Assignment of Mortgage, dated February 20, 2014, and recorded in the Cumberland County Registry of Deeds in **Book 31549**, **Page 291**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Bayview Loan Servicing, LLC by virtue of an Assignment of Mortgage, dated March 25, 2014, and recorded in the Cumberland County Registry of Deeds in **Book 31567**, **Page 247**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. On June 23, 2014, the Defendant, Julie Poland a/k/a Julie R. Poland, executed a Loan Adjustment Agreement, which increased the principal amount of the Note to $220,407.48 (herein after referred to as the "Loan Adjustment Agreement"). *See* Exhibit G (a true and correct copy of the Loan Adjustment Agreement is attached hereto and incorporated herein).

16. The Mortgage was then assigned to Bayview Dispositions IIIA, LLC by virtue of an Assignment of Mortgage, dated April 10, 2015, and recorded in the Cumberland County Registry of Deeds in **Book 32770**, **Page 108**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was then assigned to Great Ajax Operating Partnership, L.P. by virtue of an Assignment of Mortgage, dated April 10, 2015, and recorded in the Cumberland County Registry of Deeds in **Book 32770**, **Page 109**. *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

18. The Mortgage was then assigned to AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee by virtue of an Assignment of Mortgage, dated November 23, 2015, and recorded in the Cumberland County Registry of Deeds in **Book 32770**, **Page 110**. *See* Exhibit J (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

19. The Mortgage was then assigned to U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2015-B, Mortgage-Backed Notes, Series 2015-B by virtue of an Assignment of Mortgage, dated November 23, 2015, and recorded in the Cumberland County Registry of Deeds in **Book 32770**, **Page 111**. *See* Exhibit K (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

20. The Mortgage was further assigned to U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2015-B, Mortgage-Backed Notes, Series 2015-B by virtue of a Quitclaim Assignment, dated April 14, 2017, and recorded in the Cumberland County Registry of Deeds in **Book 33971**, **Page 38**. *See* Exhibit L (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

21. On April 2, 2019, the Defendant, Julie Poland a/k/a Julie R. Poland, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). Defendant, Julie Poland a/k/a Julie R. Poland's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge, and accordingly this action <u>does not</u> seek personal liability on the part of the Defendant, Julie Poland a/k/a Julie R. Poland, but only seeks *in rem* judgment against the property. *See* Exhibit M (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

22. The Demand Letter informed the Defendant, Julie Poland a/k/a Julie R. Poland, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. Defendant, Julie Poland a/k/a Julie R. Poland's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge, and accordingly this action <u>does not</u> seek personal liability on the part of the Defendant, Julie Poland a/k/a Julie R. Poland, but only seeks *in rem* judgment against the property. *See* Exhibit M.

23. The Defendant, Julie Poland a/k/a Julie R. Poland, failed to cure the default prior to the expiration of the Demand Letter. Defendant, Julie Poland a/k/a Julie R. Poland's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge, and accordingly this action does not seek personal liability on the part of the Defendant, Julie Poland a/k/a Julie R. Poland, but only seeks in rem judgment against the property.

24. The Plaintiff, U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2015-B, Mortgage-Backed Notes, Series 2015-B, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable),

payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

25. The Plaintiff, U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2015-B, Mortgage-Backed Notes, Series 2015-B, is the lawful holder and owner of the Note and Mortgage.

26. The Plaintiff, U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2015-B, Mortgage-Backed Notes, Series 2015-B, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

27. The total debt owed under the Note and Mortgage as of August 31, 2019 is Two Hundred Forty-Nine Thousand Nine Hundred Seventy-Seven and 34/100 ($249,977.34) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $214,113.82 |
| Interest | $23,460.99 |
| Unpaid Late Charges | $440.26 |
| Accrued Late Charges | $39.86 |
| Unpaid Interest | $-330.33 |
| Unpaid Charges | $1,015.55 |
| Trust Balance | $11,237.19 |
| Grand Total | $249,977.34 |

28. Upon information and belief, the Defendant, Julie R. Poland a/k/a Julie Poland, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

29. The Plaintiff, U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2015-B, Mortgage-Backed Notes, Series 2015-B, repeats and re-alleges paragraphs 1 through 28 as if fully set forth herein.

30. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 12 Karen Drive, Gray, County of Cumberland, and State of Maine. *See* Exhibit A.

31. The Plaintiff, U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2015-B, Mortgage-Backed Notes, Series 2015-B, is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2015-B, Mortgage-Backed Notes, Series 2015-B, has the right to foreclosure and sale upon the subject property.

32. The Plaintiff, U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2015-B, Mortgage-Backed Notes, Series 2015-B, is the current owner and investor of the aforesaid Mortgage and Note.

33. The Defendant, Julie R. Poland a/k/a Julie Poland, is presently in default on said Mortgage and Note, having failed to make the monthly payment due April 1, 2016, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note. Defendant, Julie Poland a/k/a Julie R. Poland's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge, and accordingly this action <u>does not</u> seek personal liability on the part of the Defendant, Julie Poland a/k/a Julie R. Poland, but only seeks *in rem* judgment against the property.

34. The total debt owed under the Note and Mortgage as of August 31, 2019 is Two Hundred Forty-Nine Thousand Nine Hundred Seventy-Seven and 34/100 ($249,977.34) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $214,113.82 |
| Interest | $23,460.99 |
| Unpaid Late Charges | $440.26 |
| Accrued Late Charges | $39.86 |
| Unpaid Interest | $-330.33 |
| Unpaid Charges | $1,015.55 |
| Trust Balance | $11,237.19 |
| Grand Total | $249,977.34 |

35. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

36. By virtue of the Defendant, Julie R. Poland a/k/a Julie Poland's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate, as affected by Defendant, Julie R. Poland a/k/a Julie Poland's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Julie R. Poland a/k/a Julie Poland, but only seeks *in rem* judgment against the property.

37. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-20CB Mortgage Pass-Through Certificates, Series 2006-20CB and Julie R. Poland, on April 2, 2019, evidenced by the Certificate of Mailing. Defendant, Julie Poland a/k/a Julie R. Poland's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge, and accordingly this action does not seek personal liability on the part of the Defendant, Julie Poland a/k/a Julie R. Poland, but only seeks in rem judgment against the property. *See* Exhibit M.

38. The Defendant, Julie Poland a/k/a Julie R. Poland, is not in the Military as evidenced by the attached Exhibit N.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2015-B, Mortgage-Backed Notes, Series 2015-B, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322, as affected by Defendant, Julie R. Poland a/k/a Julie Poland's discharge in bankruptcy, and accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property;

b) Grant possession to the Plaintiff, U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2015-B, Mortgage-Backed Notes, Series 2015-B, upon the expiration of the period of redemption;

c) Find that the Defendant, Julie R. Poland a/k/a Julie Poland, is in breach of the Note by failing to make payment due as of April 1, 2016, and all subsequent payments, however, as affected by Defendant, Julie R. Poland/k/a Julie Poland 's discharge in bankruptcy, this

action <u>does not</u> seek any personal liability on the part of the Defendant, Julie R. Poland, but only seeks *in rem* judgment against the property;

d) Find that the Defendant, Julie R. Poland a/k/a Julie Poland, entered into a contract for a sum certain in exchange for a security interest in the subject property;

e) Impose the applicable time periods for redemption, etc., as reflected in 14 M.R.S.A. § 6322;

f) Find that while the Defendant, Julie R. Poland a/k/a Julie Poland, has no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed *in rem* against the property commonly known as and numbered as 12 Karen Drive, Gray, ME 04039;

g) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2015-B, Mortgage-Backed Notes, Series 2015-B,
By its attorneys,

Dated: June _____, 2021

/s/John A. Doonan, Esq.
/s/Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

# CERTIFICATE OF SERVICE

    I, Reneau J. Longoria, Esq., hereby certify that on this \_\_\_\_ day of _____, 2021, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

Julie Poland a/k/a Julie R. Poland
12 Karen Drive, Unit A
Gray, ME 04039

Julie Poland a/k/a Julie R. Poland
12 Karen Drive, Unit B
Gray, ME 04039

Julie Poland a/k/a Julie R. Poland
P.O. Box 911
Gray, ME 04039

Maine Revenue Services
c/o Kevin J. Crosman, Esq.
Assistant Attorney General
6 State House Station
Augusta, ME 04333

The Bank of New York as Trustee for the
Certificateholders CWALT, Inc. Alternative Loan
Trust 2006-20CB Mortgage Pass-Throust
Certificates, Series 2006-20CB
240 Greenwich Street
New York, NY 10286