# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE

AJX MORTGAGE TRUST I, A DELAWARE TRUST, WILMINGTON SAVINGS FUND SOCIETY, FSB, TRUSTEE

    Plaintiffs,

vs.

JULIE POLAND A/K/A JULIE R. POLAND AND ALL OTHER OCCUPANTS

    Defendants.

_____/

Case #: **2:19-CV-00365-LEW**

## MOTION TO VACATE ORDER GRANTING MOTION FOR POSSESSION

    COMES NOW, Julie Poland, Defendant herein, moves this Court for an order vacating the order granting a Motion for Possession entered on September 7, 2022 on the grounds that the Defendant was not served with Plaintiffs Motion as clearly evidenced in their Certificate of Service and as a result will suffer manifest injustice if the order is not vacated as more fully set forth in the declaration of Julie Poland and Exhibits attached thereto.

    This motion is made pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Rule 60") and shall be based upon this motion, the attached Memorandum of Points and Authorities, the declaration of Julie Poland and Exhibits attached thereto, the complete files and records of this action, and such other and further documentary evidence as may be presented on this Motion.

RESPECTFULLY SUBMITTED,

*/s/ Julie R. Poland*

_____
Julie R. Poland, Pro Se
PO Box 911
Grey, ME 04039
(207) 332-2351

**MEMORANDUM OF POINTS AND AUTHORITIES**
**I.**
**STATEMENT OF FACTS**

Plaintiffs filed suit against Defendants on or about August 12, 2019 alleging: Breach of Note, Unjust Enrichment, Foreclosure, Quantum Meruit, and Breach of Contract, money had and received. See Plaintiffs complaint on file.

Default was entered against Defendant on November 4, 2019. A Default Judgment was entered against Defendant on October 26, 2021.

On or about September 1, 2022, a newly appointment attorney filed a Motion for Possession under the Judgment granted on October 26, 2021. This Motion was not properly served on Defendant as clearly evidenced in the Certificate of Service and shortly thereafter, granted by this Court. Defendant now seeks an order vacating pursuant to the provisions of Federal Rule of Civil Procedure 60(b)(6).

See the Declaration of Julie Poland and Exhibits attached thereto filed and served concurrently and incorporated herein by reference.

**II.**
**LEGAL ARGUMENT**

**A.   THE COURT HAS THE POWER TO VACATE THE JUDGMENT THAT WAS ENTERED AGAINST THE DEFENDANT ON THE GROUNDS THAT EXTRAORDINARY CIRCUMSTANCES EXIST AND THAT DEFENDANT WILL SUFFER MANIFEST INJUSTICE UNLESS THE JUDGMENT IS VACATED**

Rule 60 states in pertinent part that "(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (6) any other reason that justifies relief."

And Rule 60 also states that "(c) Timing and Effect of the Motion. (1) Timing. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2),

3

and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

As shown by the declaration of Julie Poland and exhibits attached thereto this motion should be granted as circumstances beyond the control of Defendant have resulted in the order being entered and they will suffer manifest injustice unless the order is vacated.

See the declaration of Julie Poland and Exhibits attached thereto filed and served concurrently herewith and incorporated herein by reference.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).

To prevail, the moving party must show extraordinary circumstances justifying the reopening of the order. *Gonzalez v. Crosby*, 545 U.S at 536.

Subparagraph (6) is to be used "sparingly as an equitable remedy to prevent manifest injustice." *Lai v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (internal quotation marks and citation omitted).

Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).

Rule 60(b)(6), the particular provision under which Defendant filed this motion, permits reopening when the movant shows "any . . . reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules

4

60(b)(1)-(5). See *Liljeberg v. Health Services Acquisition Corp.*, 486 U. S. 847, 863, n. 11 (1988); see also *Klapprott v. United States*, 335 U. S. 601, 613 (1949) (opinion of Black, J.).

Defendant has shown both injury and circumstances beyond their control in that the newly appointed attorney failed to properly serve Defendant with the motion. The certificate of service shows the property address as the address for service of documents through the US Mail. However, the property address does not receive mail. As shown in previous Certificates of Service have detailed, Defendant has a PO Box and the PO Box is the only viable option for proper service. Due to the invalid service, Defendant did not receive the motion, nor did she have an opportunity to respond to the motion. Consequently, Defendant now faces eviction as the Sheriff has posted notice of intent to remove her.

The Courts have held that the one-year limitation in Rule 60(b)(1) does not present an absolute bar when a party does not receive notice of the order, such that the court has "discretion to treat the motion to vacate as arising under clause (6) of Rule 60(b), notwithstanding that the underlying basis for vacating the judgment does not strictly constitute `any other reason' as that phrase is used in the rule." *Molloy v. Wilson*, 878 F.2d 313, 316 (9th Cir. 1989). Thus, the district court may exercise its discretion to vacate a judgment for mistake, inadvertence, surprise, or excusable neglect that would otherwise be procedurally barred if the "good cause" factors are satisfied. Id.

**B. THE MOVING PARTY HAS MET THEIR BURDEN OF SHOWING BOTH INJURY AND CIRCUMSTANCES BEYOND THEIR CONTROL AND THAT EXTRAORDINARY CIRCUMSTANCES EXIST IN THIS CASE THAT WILL RESULT IN DEFENDANT SUFFERING A MANIFEST INJUSTICE IF THE ORDER IS NOT VACATED**

Defendant has met their burden required for relief under Rule 60(b)(6) in that Plaintiffs failure to properly serve Defendant with the underlying Motion is insufficient on its face to proceed.  Moreover, Defendant was not provided an opportunity to reply.  Because Defendant has met their burden as described above this Court should exercise its discretion and prevent a manifest injustice by vacating the judgment as the Court of Appeals has ruled that the Federal Rules of Civil Procedure have a strong, underlying policy that favors a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## C.  IT IS WELL SETTLED THAT RULE 60 IS TO BE LIBERALLY CONSTRUED SO THAT CASES ARE TRIED ON THEIR MERITS

In discussing Rule 60 the Court of Appeal has stated that this rule, like all the Federal Rules of Civil Procedure, "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits*." Rodgers v. Watt*, 722 F.2d 456, 459 (internal citations omitted.) See also Fed. R. Civ. P. 1 "The Federal Rules should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

"Rule 60(b) is 'remedial in nature and . . . must be liberally applied.' " *TCI Group Life Ins. v. Knoebber,* 244 F.3d 691, 696 (internal citations and quotations omitted.)

Thus this Court should exercise its discretion so that this case can be decided on its merits as the law favors in addition to providing Defendant with proper service of moving papers.

6

## III.
## CONCLUSION

Based on the above, Defendant Julie Poland respectfully requests that the Court set aside the Judgment that was entered against them so that this case can be heard on its merits, as the law favors.

Dated_____                     RESPECTFULLY SUBMITTED,

*/s/ Julie R. Poland*
_____
Julie R. Poland, Pro Se
PO Box 911
Grey, ME 04039
(207) 332-2351