UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DOCKET NO. 2:19-cv-00365-LEW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AJX MORTGAGE TRUST I, A DELAWARE
TRUST, WILMINGTON SAVINGS FUND
SOCIETY, FSB, TRUSTEE

Plaintiff

v.

JULIE POLAND A/K/A JULIE R. POLAND AND ALL OTHER OCCUPANTS

Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO VACATE ORDER
GRANTING WRIT OF POSSESSION</u>

Now comes Plaintiff, by and through undersigned counsel, and hereby responds to Defendant's Motion to Vacate, and states as follows:

Plaintiff provided a copy of its Motion to Defendant via United States mail, first class, postage prepaid, to the address it had on file. It received no return mail from the postal service. On or about October 9, 2022, the Cumberland County Sheriff's office served the Writ upon the premises, by posting it on the front door. See Sheriff's return attached hereto. Per the sheriff's notation, the property does not appear to be occupied, and after three attempts to contact and serve an occupant, the Writ was posted as aforesaid.

In her filing, Defendant does not state the *issuance* of the Writ is improper or not warranted or that Plaintiff was not the proper party entitled to

procure a Writ, and merely that she purports to have lacked notice of the Motion.

By way of further information, Plaintiff advises this Court and Defendant that should there be personal property remaining upon enforcement of any Writ, Plaintiff will comply with Maine's abandoned property statute which will allow Defendant an opportunity to retrieve any property that remains at the Premises.

In light of the foregoing, it is Plaintiff's position that propriety of the issuance of the Writ not having been challenged, Plaintiff will willingly stay the enforcement of the Writ for a period of seven days, for Defendant to object in compliance with applicable rules or statutes. Previously the Motion was filed and the Writ issued seven days hence, thus Plaintiff is willingly staying enforcement of the Writ for a like period from the current date to allow Defendant to respond.

WHEREFORE, Plaintiff prays that this Court not vacate the issued Writ of Possession for the Property, but instead require that Plaintiff stay enforcement of the Writ for a period of seven days from the date hereof, plus the additional forty-eight hours after service of a Writ, for a total of nine days from the date hereof, before it can be enforced.

                                      Respectfully submitted,

Dated: 10/20/22          By: /s/ Carrie Folsom
                                    Carrie Folsom, Esq. #9510
                                    Attorney for Plaintiff
                                    KORDE & ASSOCIATES, P.C.
                                    707 Sable Oaks Dr., Suite 250
                                    South Portland, ME 04106

(207) 775-6223
CFolsom@KordeAssociates.com

KA #22-001082