U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED

2022 NOV 23 P 1:47

_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE

AJX MORTGAGE TRUST I, A DELAWARE TRUST, WILMINGTON SAVINGS FUND SOCIETY, FSB, TRUSTEE

    Plaintiffs,

vs.

JULIE POLAND A/K/A JULIE R. POLAND AND ALL OTHER OCCUPANTS

    Defendants.

_____/

Case #: **2:19-CV-00365-LEW**

## OBJECTION TO MOTION FOR ISSUANCE OF WRIT FOR POSSESSION

COMES NOW, Julie Poland, Defendant herein, files this, her Objection to the Motion for Issuance of Writ of Possession. As previously provided to the Court, Defendant was never properly served with the original motion and only learned of said Motion upon posting by the Sheriff's Department. Defendant additionally states the following:

On or about August 12, 2019, the case was initiated. The record indicates that Defendant was served with process on or about August 22, 2019. Defendant denies being served with the Complaint. Defendant only received a Summons with no attachments. At or around the same time, Defendant was preparing a Chapter 13 bankruptcy to restructure her mortgage payments. Defendant was advised that during her bankruptcy, all other litigation would be stayed. Defendants bankruptcy was filed on September 4, 2019. Plaintiffs in this action were immediately provided notice of said bankruptcy but elected to proceed with their Motion for Entry of Default which the Court automatically granted the same day. This being a clear violation of the automatic stay provision as outlined in the Bankruptcy Code. Approximately three days after they received a Default against

1

Defendant, Plaintiffs notified the Court of a "Suggestion of Bankruptcy Filing" and requested a stay of proceedings until a motion for relief was granted.

Defendants Bankruptcy was dismissed in September of 2020 as a result of Plaintiffs filing objections to the plan and the plan being unconfirmed. Defendant immediately filed a Chapter 7 bankruptcy to address some other significant unsecured debts while attempting a modification with Plaintiffs. However, Plaintiffs were unwilling to assist Defendant until the bankruptcy was completed.

Plaintiffs filed a motion to reopen the case in or around April of 2021. Defendants was not provided any service of this request. Had Defendants been notified, Defendant would have immediately filed the appropriate response. It appears from the docket, that Plaintiffs continued to file pleadings, amendments and other documents from April of 2021 to October of 2021. Defendant was not served with those papers. Defendant throughout this period was attempting to get a modification from her lender. Defendant was not provided the order from October 26, 2021 as Defendant would have immediately filed an Appeal given the above circumstances. In February of 2022, Plaintiffs servicer (Gregory Funding) contacted Defendant offering a modification. Defendant completed the modification forms and returned them to the email provided. Defendant was advised that the packet was complete and would go to underwriting for review. Defendant did not hear anything else until a Sale Notice was tapped to her door in April of 2022. Plaintiffs' servicer advised Defendant that no sale had been scheduled as a complete packet was in review. The Law Firm for Plaintiffs stated otherwise. Defendant felt she had no other option but to file another bankruptcy to stop the sale. The bankruptcy remained open and active until August 30, 2022. To Defendants knowledge, no sale of this property has occurred. If a sale did occur not only would said sale violate the automatic stay provision

of the bankruptcy code but it would also violate code section CFR §1024.41(b)(2)(i) which requires a determination of the loss mitigation packet and suspension of any sale until such time that the review has been completed. Given the facts contained herein and the many failures/violations of Plaintiffs, a Motion for Possession is improper and should be denied accordingly.

                                                RESPECTFULLY SUBMITTED,

                                                */s/ Julie R. Poland*
                                                _____
                                                Julie R. Poland, Pro Se
                                                PO Box 911
                                                Grey, ME 04039
                                                (207) 332-2351

# PROOF OF SERVICE


U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED

2022 NOV 23 P 1:47

DEPUTY CLERK

I am over the age of 18 and not a party to this action.

On November 23, 2022 I served the foregoing document(s) described as: Objection to Motion for Writ of Possession to the following parties:

KORDE & ASSOCIATES, PC
707 SABLE OAKS DRIVE, SUITE 250
SOUTH PORTLAND, ME 04106

DOONAN, GRAVES & LONGORIA LLC
100 CUMMINGS CENTER
SUITE 303C
BEVERLY, MA 01915

[X] (By U.S. Mail) I deposited such envelope in the mail at Grey, Maine with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Grey, Maine in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (By Personal Service) I caused such envelope to be delivered by hand via messenger service to the address above;

[ ] (By Facsimile) I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the United States of America and the State of Maine that the foregoing is true and correct.

DATED: November 23, 2022

/s/ Renee Amezcua
_____
Renee Amezcua