UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee**<br><br>**Plaintiff**<br><br>vs.<br><br>**Julie Poland a/k/a Julie R. Poland; and The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-20CB Mortgage Pass-Through Certificates, Series 2006-20CB**<br><br>**Defendants** | **Case No. 2:19-cv-00365-LEW** |

## ORDER

On September 1, 2022, Plaintiff filed a motion requesting issuance of a writ of possession. The writ issued. Following service of the writ, Defendant Julie Poland filed a motion to vacate the writ pursuant to Fed. R. Civ. P. 60 based on extraordinary circumstances (i.e., lack of notice). I denied Plaintiff's request to vacate the writ but stayed enforcement of the writ for nine days to provide Defendant the opportunity to be heard on the propriety of the writ's issuance. Thirteen days later, Defendant filed her objection to the writ (ECF No. 41).

## BACKGROUND

According to Defendant, she was initially served in this matter with a summons, on August 22, 2019, but allegedly the process server did not provide her a copy of the

complaint. Defendant Poland filed a petition in the Bankruptcy Court in September 2019. Plaintiff filed its motion for entry of default in this proceeding in November 2019. Only after the Clerk's entry of the default did Plaintiff file a suggestion of Defendant's bankruptcy with this Court.

Due to the suggestion of bankruptcy, the Clerk administratively closed the case. Plaintiff petitioned the Court to reopen the case in April 2021. Then, in June 2021, Plaintiff filed a motion to amend its complaint (ECF No. 17) so that the complaint would request both foreclosure and sale and not merely foreclosure. The motion to amend was granted. Plaintiff's certificate of service (ECF No. 18) reflects that Plaintiff served Defendant Poland with the amended complaint by certified mail. Because Plaintiff thenceforth proceeded on an amended complaint, Plaintiff awaited Defendant's answer (which was not forthcoming) and then requested entry of default on the amended complaint (ECF No. 21). The Clerk entered the default on August 23, 2021 (ECF No. 24).

In September 2021, Plaintiff filed its motion for default judgment (ECF No. 28). Defendant failed to appear or otherwise defend. The Court granted the motion and issued its Judgment of Foreclosure and Sale (ECF No. 32) on October 26, 2021. Judgment of Foreclosure and Sale issued in this matter on October 26, 2021. Pursuant to the Judgment, Defendant Julie Poland had 90 days to pay the amount adjudged due and owing. If she did not, the Judgment provided that her "remaining rights to possession [would] terminate" and certain obligations would fall to Plaintiff to effectuate a sale of the property. Judgment ¶ 2.

## DISCUSSION

Through her objection, Defendant objects to the writ only on the basis that it was mailed to an address that does not receive mail. But Defendant is now on notice of the writ and has had the opportunity to be heard as to the propriety of the writ. In other words, the manner of service of the writ is no longer a procedural due process problem.[1]

Defendant also challenges the underlying Judgment of Foreclosure. Defendant contends she never received a copy of the original complaint when she was served by the process server in October 2019 and that Plaintiff's initial request for default on the original complaint violated the automatic stay, 11 U.S.C. § 362. Based on my review of the existing record, it appears that Plaintiff violated the automatic stay when it petitioned for entry of default after the automatic stay was in place. However, judgment did not enter on that default; judgment entered based on Defendant's default on the amended complaint.

Defendant next argues that she did not receive proper notice of Plaintiff's motion to reopen the case following her bankruptcy proceedings. She states that she would have "filed the appropriate response" had she known of the motion. Objection at 2. I see no basis for relief concerning notice of reopening, since the docket reflects that Defendant received a copy of the amended complaint by certified mail, the receipt of which she acknowledged with her signature. Affidavit of Service (ECF No. 22); Certified Mail Return Receipt (ECF No. 22-1). Defendant had the opportunity to be heard on the reopening of the case had she wished to appear.

---

[1] Without reaching the issue, I am not certain that it was necessary for Defendant Poland to receive advance notice or opportunity to oppose issuance of the writ, insofar as her failure to redeem the mortgage deprived her of all right of possession in the property. The Rules suggest that issuance of the writ is not discretionary. Fed. R. Civ. P. 70(d). In any event, Plaintiff proposed and the Court extended a temporary stay of the writ to provide Defendant Poland with adequate notice and the opportunity to be heard.

3

Defendant also states that she was not served with any of the filings between the reopening in April 2021 and October 2021, which encompasses the entry of the Judgment of Foreclosure. She states that she would have filed an appeal of the Judgment, had she been provided a copy. Rule 5 states "No service is required on a party who is in default for failing to appear." Fed. R. Civ. P. 5(a)(2). But it also states that "a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." *Id.* Plaintiff filed a motion to amend to assert a claim for foreclosure and sale, whereas its original complaint asserted a claim for foreclosure. Plaintiff has not spoken to the propriety of serving the amended complaint by certified mail, pursuant to Rule 5, as opposed to serving it with a summons, pursuant to Rule 4. Perhaps because it is undisputed that Defendant was served the original summons and later certified her receipt of the amended complaint there is no extraordinary justification for relief from the Judgment pursuant to Rule 60.

"Although many courts have indicated that Rule 60(b) motions should be granted liberally, [the First] Circuit has taken a harsher tack. Because Rule 60(b) is a vehicle for extraordinary relief, motions invoking the rule should be granted only under exceptional circumstances." *Davila–Alvarez v. Escuela de Medicina Universidad Central del Caribe*, 257 F.3d 58, 63-64 (1st Cir. 2001) (cleaned up). The exercise of judicial discretion under Rule 60(b) is guided by two primary concerns. "On the one hand, the rule must be construed so as to recognize the importance of finality as applied to court judgments. On the other hand, the rule must be construed to recognize the desirability of deciding disputes on their merits." *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v.*

*Superline Transp. Co., Inc.*, 953 F.2d 17, 19 (1st Cir. 1992). The non-exclusive list of factors includes the following: "(1) timeliness, (2) the existence of exceptional circumstances justifying extraordinary relief, and (3) the absence of unfair prejudice to the opposing party." *Id.* at 20. Additionally, "a litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that vacating the judgment will not be an empty exercise." *Id.*

Upon receiving notice of the public sale—which notice she says she found taped to the door of the property—Defendant again filed a petition for bankruptcy relief. She believes that her most recent bankruptcy petition prevented Plaintiff from conducting a public sale. Though the Judgment of Foreclosure and Sale instructed Plaintiff to conduct a public sale in accordance with 14 M.R.S. § 6323, which sets certain temporal requirements on the sale, the Court only recently received Plaintiff's motion for issuance of a writ of possession, roughly ten months after issuance of the Judgment. In connection with its request, Plaintiff did not provide the Court with any representations, let alone an accounting, concerning the sale or any intervening bankruptcy petition. Plaintiff merely stated that Defendant Poland did not redeem the mortgage.

Given the current state of the competing requests before the Court, I am unwilling to exercise judicial discretion in aid of either party at present. While Defendant appears to have consciously disregarded both the summons to participate in this case and an amended complaint requesting foreclosure and sale, she has at least flagged an important due process concern associated with service of the amended complaint. Meanwhile, Plaintiff, the only party to appear through counsel, has yet to offer me anything related to the appropriate

5

exercise of discretion under the specific circumstances of the case. Plaintiff did not respond to Defendant's statements concerning service and has not provided any argument relating to the propriety of Rule 60 relief. I would like to hear the parties' positions on the Rule 60 factors outlined above and other factors that the parties believe are relevant, before deciding whether to relieve Defendant from the consequences of her default.

## CONCLUSION

Plaintiff is ORDERED to provide the Court with a record related to post-judgment developments including proceedings associated with the foreclosure sale and any intervening bankruptcy petition. Plaintiff is further ORDERED to respond to Defendant's Objection (ECF No. 41) with a memorandum of law addressing why relief from judgment would not be warranted under Rule 60. Plaintiff will do so by January 13, 2023. Defendant is ORDERED to respond to Plaintiff's presentation by February 3, 2023. In her response Defendant will provide a record in support of her contention that she is entitled to Rule 60 relief from the consequences of her failure to appear in this action. Defendant will also provide a memorandum of law in support of her position. The Writ of Possession will be stayed pending further order of the Court.

**SO ORDERED.**

Dated this 3rd day of January, 2023.

                                            /s/ Lance E. Walker
                                            UNITED STATES DISTRICT JUDGE