UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee** | CIVIL ACTION NO: 2:19-cv-00365-LEW |
| **Plaintiff** | **AFFIDAVIT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S FED.R.CIV.P. 60 MOTION TO VACATE THE WRIT AND RESPONSE TO THE COURT'S JANUARY 3, 2023 ORDER** |
| vs. | RE:<br>12 Karen Drive, Gray, ME 04039 |
| **Julie Poland a/k/a Julie R. Poland; and The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-20CB Mortgage Pass-Through Certificates, Series 2006-20CB** | |
| **Defendants** | Mortgage:<br>June 24, 2009<br>Book 27027, Page 329 |

I, Noelle Selden, hereby depose and state as follows:

1. I am a Senior Paralegal at Doonan, Graves & Longoria, LLC, the law firm that represents Plaintiff, AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee, in this action, and submit this affidavit in support of Plaintiff's Opposition to Defendant's Fed. R. Civ. P. 60 Motion to Vacate the Writ and Response to this Honorable Court's January 3, 2023 Order.

2. I make this affidavit based upon my personal knowledge and, further, upon my review of the public records as well as the business records of DG&L with respect to the bankruptcy and foreclosure actions which addressed the subject mortgage loan and the property which records were made and maintained in the regular or ordinary course of

business of DG&L at or near the time of the act, condition or event to which they relate, by persons employed by DG&L who had a business duty to the Plaintiff to accurately and completely take, make and maintain such records and documents. They are: (a) made in good faith; (b) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (c) kept in the course of my firm's regularly conducted business activities; and (d) it is the regular practice of my firm to make and keep such records.

3. I have reviewed and am familiar with all the documents relating to this action.

4. On June 24, 2009, the Defendant, Julie R. Poland ("Poland") executed and delivered to Taylor, Bean & Whitaker Mortgage Corp. a certain Note in the amount of $194,413.00.

5. To secure said Note, on June 24, 2009, Poland executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Taylor, Bean & Whitaker Mortgage Corp., securing the property located at 12 Karen Drive, Gray, ME 04039 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in Book 27027, Page 329.

6. In connection with the foreclosure filed in 2017 by DG&L, RE 2017-190, the parties attended the Foreclosure Diversion Program and on January 12, 2018, with all parties present, a final mediation report was executed by all certifying that the matter could not be resolved through mediation. *See* Opposition Exhibit A (a true and correct copy of said Final Mediation Report dated January 12, 2018 is attached thereto and

incorporated herein).[1]

7. On November 5, 2018, Poland filed a Chapter 13 Bankruptcy in the U.S. Bankruptcy Court – District of Maine (Portland) under Bankruptcy Petition #18-20630.

8. On November 14, 2018, as a result of the Debtors' failure to respond and/or comply with the Bankruptcy Court's Order, dated November 5, 2018, to Comply with Bankruptcy Rules 1007 and 3015(b) and Notice of Intent to Dismiss Under 11 USC Subsections 109(g)(1) for failure to file a Creditor Matrix and Verification of Credit Matrix, the Chapter 13 Bankruptcy Case (#18-20630) was dismissed.

9. On April 2, 2019, Poland, was sent a Notice of Mortgagor's Right to Cure to the subject property via regular mail and Certificate of Mailing by the office of the undersigned on behalf of the servicer and mortgagee. *See* Opposition Exhibit B (a true and correct copies of said Notice of Mortgagor's Right to Cure is attached thereto and incorporated herein).

10. The Notice of Mortgagor's Right to Cure informed Poland, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Notice of Mortgagor's Right to Cure. [ECF No. 1-13]

11. Upon information and belief, Poland failed to cure the default prior to the expiration of the Notice of Mortgagor's Right to Cure.

12. Plaintiff's Complaint in this matter was filed on August 12, 2019. [ECF No. 1]

13. Poland, was personally served, via Civil Deputy Sheriff, Charles Plourde of the Cumberland County Sheriff's Office, with the subject Complaint on August 22, 2019.

---

[1] Exhibits A-L referenced herein were previously filed on January 13, 2023. *See* ECF No. 43.

[ECF No. 4] and Proof of Service for Poland was filed on October 4, 2019. [ECF No. 4]

14. On or about September 4, 2019, Poland, filed a Chapter 7 Bankruptcy in the U.S. Bankruptcy Court in the District of Maine (Portland) in Bankruptcy Petition #19-20451.

15. On November 4, 2019, unaware of the bankruptcy filing, counsel for Plaintiff, Reneau J. Longoria, Esq., filed a Motion for Entry of Default as to Defendants, Julie Poland a/k/a Julie R. Poland; and The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-20CB Mortgage Pass-Through Certificates, Series 2006-20CB. [ECF. No. 9]

16. On November 4, 2019, this Honorable Court issued an Order granting Motion for Entry of Default which was served on Poland at the premises. [ECF No. 10]

17. On November 6, 2019, the office of the undersigned received a telephone call from Poland, who advised she had filed bankruptcy on September 4, 2019.

18. On November 7, 2019, counsel for Plaintiff filed a Suggestion of Bankruptcy as to Defendant and requested a stay of all proceedings in this Court and said pleadings were served on Poland at the premises. [ECF Nos. 11 and 12]

19. On November 8, 2019, this Honorable Court granted Plaintiff's request for a stay, and entered an Order administratively closing the case which was served on Poland at the premises. [ECF Nos. 13 and 14]

20. On December 13, 2019, DG&L business records reflect that counsel for Plaintiff, Reneau J. Longoria, Esq., had a telephone conference with J. Scott Logan, Esq. who stated the Chapter 7 Bankruptcy Trustee was trying to sell the subject property, inquired whether the original note was in the possession of the undersigned's office, and that he had not entered an appearance in Poland's Bankruptcy but would be and would try to convert to a

Chapter 13 to obtain a modification.

21. On January 21, 2020, Poland filed a Motion to Convert her Chapter 7 Bankruptcy to a Chapter 13 Bankruptcy in Bankruptcy Petition #19-20451 and Attorney Logan began representing Poland in her 2019 case.

22. On March 2, 2020, the U.S. Bankruptcy Court granted Poland's Motion to Convert to a Chapter 13 Bankruptcy.

23. On June 15, 2020, the Bankruptcy Trustee filed a Motion to Dismiss Case for Poland's failure to make a single plan payment to the Trustee.

24. On June 16, 2020, a Motion for Relief from Stay was filed by DG&L on behalf of the original Plaintiff in this subject action, U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to AJAX Mortgage Loan Trust 2015-B, Mortgage-Backed Notes, Series 2015-B.

25. On July 14, 2020, the Bankruptcy Court entered an Order granting Trustee's Motion to Dismiss Case for Bankruptcy Petition #19-20451.

26. On July 17, 2020, Poland filed a Chapter 7 Petition for Relief under Title 11 of the United States Code, in the United States Bankruptcy Court for the District of Maine (Portland) in Bankruptcy Petition #20-20278.

27. On November 5, 2020, Poland received her Chapter 7 bankruptcy discharge in Bankruptcy Petition #20-20278.

28. On April 28, 2021, counsel for Plaintiff filed a Motion to Re-open the instant Case to allow Plaintiff to file a Motion to Amend Complaint, as the Defendant received her Chapter 7 bankruptcy discharge, and the bankruptcy case had since closed, and was no longer active. [ECF No. 15]

29. DG&L's business records reflect the mailing of said Motion to Re-Open Case via regular mail, on April 28, 2021, to Poland and the other parties to this action, as reflected by the Certificate of Service attached to said motion.

30. On May 24, 2021, this Honorable Court entered an Order granting Plaintiff's Motion to Re-Open Case and directed Plaintiff to file a Motion to Amend Complaint by June 7, 2021. [ECF No. 16]

31. On June 4, 2021, counsel for Plaintiff filed a second Motion to Amend Complaint to include "foreclosure and sale" language throughout and to retitle the count for "Foreclosure" to "Foreclosure and Sale", and to remove Party-in-Interest, Maine Revenue Services, as State Tax Lien, recorded at the Cumberland County Registry of Deeds in Book 34212, Page 298, that caused Plaintiff to include Maine Revenue Services as a party-in-interest, was discharged pursuant to a Release of State Tax Lien, dated March 26, 2021, recorded in the Cumberland County Registry of Deeds in Book 38034, Page 41 which was served on Poland at the premises. [ECF No. 17]

32. On June 7, 2021, this Honorable Court entered an order granting Plaintiff's Motion to Amend Complaint which was served on Poland at the premises. [ECF No. 19]

33. On June 7, 2021, DG&L filed its Amended Complaint, and sent copies to all parties listed on the Certificate of Service via regular and certified mail. [ECF No. 20] *See* Opposition Exhibit C (true and correct copies of the executed USPS return receipt green cards are attached thereto and incorporated herein).

34. On August 20, 2021, DG&L filed a Motion for Entry of Default as to Defendants, Julie Poland a/k/a Julie R. Poland; and The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-20CB Mortgage Pass-

Through Certificates, Series 2006-20CB. [ECF No. 21]

35. The business records of DG&L reflect said Motion for Entry of Default [ECF No. 21] was mailed to Poland and the parties listed on the Certificate of Service, on August 20, 2021, via regular mail, as reflected by the Certificate of Service attached to said motion.

36. On August 23, 2021, DG&L filed an Affidavit of Service of the Amended Complaint as to Poland, which included USPS Certified Mail Return Receipts indicating Poland's receipt of the Amended Complaint on June 14, 2022. [ECF No. 22]

37. On August 23, 2021, this Honorable Court entered an Order granting Plaintiff's Motion for Entry of Default as to Defendants, Julie Poland a/k/a Julie R. Poland; and The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-20CB Mortgage Pass-Through Certificates, Series 2006-20CB, and set a filing deadline of September 22, 2021, for Plaintiff's Motion for Default Judgment which was served on Poland at the premises. [ECF No. 24]

38. On September 22, 2021, DG&L filed a Motion to Substitute Party Plaintiff from U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2015-B, Mortgage-Backed Notes, Series 2015-B to AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee which was served on Poland at the premises. [ECF No. 25]

39. On September 22, 2021, DG&L filed a Motion to Extend Deadline for Filing of Motion for Default Judgment, as it was awaiting an Order on its Motion to Substitute Party Plaintiff before filing its Motion for Default Judgment as to all Parties which was served on Poland at the premises. [ECF No. 26]

40. The business records of DG&L reflect the mailing of Plaintiff's Motion to Substitute

Party Plaintiff [ECF No. 25] and Plaintiff's Motion to Extend Deadline for Filing of Motion for Default, via regular mail on September 22, 2021, to Poland and all parties as reflected on the Certificates of Service on said Motions.

41. On September 22, 2021, this Honorable Court issued an Order granting Plaintiffs Motion to Extend Time to File Plaintiff's Motion for Default Judgment and granting Plaintiff's Motion to Substitute Party Plaintiff which was served on Poland at the premises. [ECF No. 27]

42. On September 27, 2021, DG&L filed its Motion for Default Judgment as to all Parties which was served on Poland at the premises. [ECF No. 28]

43. On September 30, 2021, DG&L filed a Motion to Withdraw Attorney, John A. Doonan, in this action which was served on Poland at the premises. [ECF No. 29]

44. This Honorable Court granted said Motion to Withdraw Attorney on September 30, 2021, and said Order was entered on October 1, 2021 which was served on Poland at the premises. [ECF No. 30]

45. On October 22, 2021, DG&L submitted a Proposed Judgment of Foreclosure and Sale. [ECF No. 31]

46. On October 26, 2021, this Honorable Court entered the Judgment of Foreclosure and Sale. [ECF No. 32]

47. Poland's 90-Day Right of Redemption expired on January 25, 2022.

48. On or about February 25, 2022, DG&L scheduled a foreclosure sale of the subject property for April 19, 2022, at 4:00PM.

49. On March 18, 2022, DG&L sent Poland a Notice of Intention to Foreclose via regular and certified mail, and the business records of the undersigned's office confirm same. *See*

Opposition Exhibit D (a true and correct copy of the Notice of Intention to Foreclose and proof of mailing are attached thereto and incorporated herein).

50. The USPS tracking information for the Notice of Intention to Foreclose sent to Poland via certified mail indicates, "the item was picked up at the post office at 3:17 pm on March 29, 2022 in GRAY, ME 04039." *See* Opposition Exhibit E (a true and correct copy of the USPS Tracking History Info is attached thereto and incorporated herein).

51. DG&L caused a Notice of Public Sale of Real Estate of the subject property to be published for three consecutive weeks in the *Maine Sunday Telegram* on March 19, 2022, March 26, 2022, and April 2, 2022.

52. Upon information and belief, on April 5, 2022, according to documents from ServiceLink, property preservation vendor for the Plaintiff, an inspection of the subject property conducted by Beverly Grenier, indicated the property was either abandoned or there was considerable amount of trash and debris possibly reflective of a hoarding situation at the subject property, whereas photos showed large piles of trash and debris throughout the exterior of the property, and one photo of the interior with a refrigerator and large heaps of trash and/or debris around it. *See* Exhibit F (true and correct copies of said interior and exterior photos of the subject property are attached thereto and incorporated herein).

53. Upon information and belief, on April 7, 2022, Sundra Wuggins of Gregory Funding, servicer for Plaintiff, received a telephone call from Poland "wanting to know her options for hardship assistance" and discussed the foreclosure sale scheduled for April 19, 2022, and was advised she could submit a loss mitigation application but due to the high volume of applications for loss mitigation and short period of time prior to the sale date,

that there was no guarantee that her application would have enough time to be reviewed, or that there would be any offer available to her, but advised she could still try, and she was provided with the foreclosure law firm's telephone number and Poland advised she had not received any notification or documents regarding the foreclosure status nor sale date. *See* Opposition Exhibit G (a true and correct copy of Gregory Funding's Communication Log for this loan is attached thereto and incorporated herein).

54. Upon information and belief, on April 12, 2022, Alexander Grotta of Gregory Funding, servicer for Plaintiff, received a telephone call from Poland stating she faxed a loan modification application to Gregory Funding on April 11, 2022, and was advised no documents were logged into the system, but it typically takes 24-48 hours for documents to be logged into the system. Opposition Ex. G.

55. Upon information and belief, on April 14, 2022, a loss mitigation denial letter was sent to Poland as she did not submit a complete application more than 37 days before the scheduled sale date, as there was not sufficient time to allow for review for loss mitigation.  *See* Opposition Exhibit H (a true and correct copy of the Loss Mitigation Denial Letter is attached thereto and incorporated herein).

56. On April 18, 2022, Poland filed a Chapter 13 Bankruptcy in the U.S. Bankruptcy Court in the District of Maine (Portland), Bankruptcy Petition #22-20054.

57. On April 19, 2022, as a result of the filing of Bankruptcy Petition #22-20054, Plaintiff postponed the foreclosure sale scheduled for April 19, 2022 to May 17, 2022 at 4:00PM.

58. On April 19, 2022, the Bankruptcy Court in Petition #22-20054 entered an Order to Comply and Notice to Dismiss Case due to failure to file documents, and/or filing of obsolete forms and/or filing of incomplete documents. [BK Dkt. #5]

59. On April 26, 2022, in regard to Bankruptcy Petition #22-20054, counsel for Plaintiff filed an Expedited Motion for Relief from Stay and *In Rem* Relief. [Bk Dkt. #13]

60. On April 28, 2022, in regard to Bankruptcy Petition #22-20054, a Hearing was scheduled and noticed for May 11, 2022 at 9:00AM in Portland, ME on Plaintiff's Motion for Relief from Stay. [BK Dkt. # 16]

61. No Opposition to the Motion for Relief from Stay was filed by Poland.

62. On May 11, 2022, in regard to Bankruptcy Petition #22-20054, a Hearing on Plaintiff's Motion for Relief from Stay occurred, Poland did not appear, and an Order was entered granting Plaintiff's Motion for Relief from Stay. [BK Dkt. #26]

63. On May 16, 2022, in regard to Bankruptcy Petition #22-20054, Poland filed a Motion to Reconsider Order Granting Relief from Stay. [BK Dkt. #29]

64. On May 17, 2022, in regard to Bankruptcy Petition #22-20054, counsel for Plaintiff filed a Response to Poland's Motion to Reconsider. [BK Dkt. #33] *See* Opposition Exhibit I (The Response to the Motion was based on the Judicial Estoppel argument advanced in Opposition to this Motion).

65. On May 17, 2022, in regard to Bankruptcy Petition #22-20054, the Court entered an Order denying Poland's Motion to Reconsider. [BK Dkt #35]

66. As Plaintiff received and maintained its *in rem* Order lifting the Stay, on May 17, 2022, a foreclosure sale was held in accordance with the Judgment of Foreclosure and Sale, and the subject property was sold back to the Plaintiff.

67. On May 23, 2022, Poland filed a Chapter 13 Plan. [BK Dkt. #38]

68. On May 23, 2022, there is an entry on the docket by the Court advising the most recent version of the Maine Bankruptcy Form 2 was not filed and that Debtor needed to file the

Plan on the most recently updated form via email and that a copy of the most recent form was sent to her.

69. On May 26, 2022, a Clerk's Certificate of Absence of Appeal was entered on the docket. [ECF No. 33]

70. On June 1, 2022, an Order to Appear and Show Cause against the Debtor for failure to file the Chapter 13 Plan on the correct form was entered, with a Show Cause hearing to be held on June 22, 2022 at 10:00AM in Portland, ME. [BK Dkt. #39]

71. On June 21, 2022, Poland filed a Chapter 13 Plan. [BK Dkt # 41]

72. The Bankruptcy Trustee, Andrew Dudley, filed a Motion to Dismiss Case for failure to obtain credit counseling, failure to attend 11 U.S.C. §341(a) Meeting of Creditors, failure to file a confirmable plan, and the fact that Poland did not have any excess monthly disposable income. [BK Dkt #44]

73. On July 12, 2022, an Order was entered granting the Trustee's Motion to Dismiss Case. [BK Dkt #47]

74. On July 27, 2022, a Notice of Appearance was filed by Carrie Folsom, Esq. of Korde & Associates, P.C. was filed in this case for the purpose of obtaining the Writ of Possession pursuant to the Judgment of Foreclosure and Sale. [ECF No. 34]

75. On September 1, 2022, Plaintiff filed a Motion for Issuance of Writ of Possession. [ECF No. 35]

76. On September 7, 2022, this Honorable Court entered an Order granting Plaintiff's Motion for Writ of Possession and issued a Writ of Possession. [ECF Nos. 36 and 37]

77. On October 14, 2022, Poland filed a Motion to Vacate Order Granting Motion for Writ of Possession and Issuance of Writ of Possession. [ECF No. 38]

78. On October 20, 2022, Plaintiff through its counsel, Carrie Folsom, Esq., filed a Response to Poland's Motion to Vacate Order Granting Motion for Writ of Possession and Issuance of Writ of Possession. [ECF No. 39]

79. On November 10, 2022, this Honorable Court entered an Order denying Defendant's Motion to Vacate Writ of Possession, and the Order stayed the enforcement of the Writ for a period of nine days from the date of this Order before it may be enforced, and also advised Defendant if she felt she had a basis to object to the Writ, she may do so consistent with the rules and statute governing such an objection within seven days from the date of this Order. [ECF No. 40]

80. Poland did not file an objection within seven days from the date of the November 10, 2022 Order at ECF No. 40.

81. On November 23, 2022, Poland filed an Objection to Motion for Issuance of Writ for Possession, in which she claims she was not properly served with copies of documents filed by Plaintiff in the subject action, including the original Complaint. [ECF No. 41]

82. On January 3, 2023, this Honorable Court entered an Order for Plaintiff and Defendant to provide their positions on Rule 60 factors and other factors the parties believe are relevant, and ordered Plaintiff to respond to Defendant's Objection to Motion for Writ of Issuance at ECF No. 41 with a memorandum of law addressing why relief from judgment would not be warranted under Rule 60 by January 13, 2023 and ordered Defendant to respond to Plaintiff's presentation by February 3, 2023, and stayed the Writ of Possession pending further order of the Court. [ECF No. 42]

83. On January 12, 2023, the undersigned spoke with Deputy Sheriff, Charles Plourde of the Cumberland County Sheriff's Office regarding the personal, in-hand service upon Poland

on August 22, 2019, and confirmed his office would not serve only a summons, by itself, and the Deputy issued a statement stating he made service on Poland by serving a copy of said summons and accompanied papers in-hand to Poland at the subject property address. *See* Opposition Exhibit J (a true and correct copy of Charles Plourde, Civil Deputy Sheriff of the Cumberland County Sheriff's Office is attached thereto and incorporated herein).

84. On January 12, 2023, a search of the State of Maine Department of Professional and Financial Regulation Bureau of Insurance indicates Poland's Produce Resident Insurance Agent License was terminated on August 27, 2019. *See* Opposition Exhibit K (a true and correct copy of a printout from the State of Maine Department of Professional and Financial Regulation Bureau of Insurance website is attached thereto and incorporated herein).

85. On January 13, 2023, the office of the undersigned sent an inquiry to Gregory Funding regarding Poland's claims that she submitted a loss mitigation application in February or March of 2022, and we were advised that there is no record of any loss mitigation application being submitted by Poland in that period of time as she suggests in ECF No. 41.

Sworn to under the pains and penalties of perjury.

Executed this 17th day of January 2023.

*/s/Noelle Selden*
Noelle Selden
Senior Paralegal
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

On this 17th day of January 2023, before me the undersigned notary public personally appeared Noelle Selden, who proved to me through satisfactory evidence of identification to be the person whose name is signed on this document, who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his/her knowledge and belief.

/s/Michele B. DiRuzza
Notary Public
My Commission Expires: 9/14/2029

**CERTIFICATE OF SERVICE**

I, Reneau J. Longoria, Esq., hereby certify that on this 12th day January, 2023, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

Julie Poland a/k/a Julie R. Poland
12 Karen Drive
Gray, ME 04039

Julie R. Poland
P.O. Box 911
Gray, ME 04039

The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-20CB Mortgage Pass-Through Certificates, Series 2006-20CB
240 Greenwich Street
New York, NY 10286