UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

|  |  |
|---|---|
| AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee,<br><br>        Plaintiff<br><br>        v.<br><br>Julie Poland a/k/a Julie R. Poland; and The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-20CB Mortgage Pass-Through Certificates, Series 2006-20CB<br><br>        Defendants | 2:19-cv-00365-LEW |

**ORDER**

On September 1, 2022, Plaintiff filed a motion requesting issuance of a writ of possession. The writ issued. Following service of the writ, Defendant Julie Poland filed a motion to vacate the writ (ECF No. 38), pursuant to Fed. R. Civ. P. 60. *See* Order on Objection to Writ (ECF No. 42). I denied Defendant's request to vacate the writ but stayed enforcement of the writ to provide Defendant an opportunity to be heard on the propriety of the writ's issuance. Defendant then raised a host of objections, including the contention that the underlying judgment was invalid because she was never properly served with process. Based on certain contentions made in Defendant's supplemental filing and Plaintiff's failure to address them, I ordered the parties to brief the matter further. More specifically, I ordered Plaintiff to provide the Court with a record related to post-judgment

developments and to treat Defendant's Objection (ECF No. 41) as though it were a Rule 60 motion. I also ordered Defendant to respond to Plaintiff's presentation.

With the benefit of the parties' supplemental submissions, I find that Plaintiff has demonstrated that service of the original complaint in this matter complied with the service requirement of Rule 4 and reject Defendant's contention that the initial service documents included only the summons. Defendant has changed her tune on the matter of service of the original complaint. At first, Defendant conceded being served with the summons but represented the complaint was not included with it (ECF No. 41). Now Defendant contends she never was served at all because she was not present at the address of service on the date in question (ECF No. 45). I find Defendant's new representation unreliable and not credible. I credit her initial representation, in part, to the effect that she was served with the summons. Service of the summons was sufficient to establish this court's jurisdiction over the person of the defendant. Fed. R. Civ. P. 4(k)(1). I also find that it is more likely than not that Plaintiff's process server included the complaint when he served Defendant. These findings, however, do not resolve the matter.

The default judgment of foreclosure entered on an amended complaint. In its original complaint, Plaintiffs requested foreclosure on the property, but failed to make a specific request for "foreclosure and sale." *See* 14 M.R.S. § 6321 (instructing plaintiffs commencing a "foreclosure by civil action" to "demand a foreclosure and sale").[1] Plaintiff subsequently filed its amended complaint to rectify this technical noncompliance with the

---

[1] Plaintiff afforded Defendant notice of its intention to foreclose upon and sell the subject property from the inception. *See* Notice (ECF No. 43-4).

statute (and to remove any claim for deficiency given Defendant's intervening discharge in bankruptcy). The question is whether service of the amended complaint needed to comply with Rule 4 (calling for personal service) or with Rule 5 (allowing for, inter alia, service by mail). Of potential significance, Rule 5 states that a party in default for failure to appear must be served in accordance with Rule 4 if the amended pleading asserts a new claim for relief against the party in issue. Fed. R. Civ. P. 5(a)(2).

In Maine, a "foreclosure by civil action" against a homeowner necessarily encompasses a judicial sale. *See* 14 M.R.S. §§ 6322, 6323(1). For this reason, I conclude that the amended complaint merely cured a technical deficiency in the pleading and did not introduce a new claim for relief against Defendant of which she was not already made aware. Rule 5 permits service of a pleading following the original complaint by mail, Fed. R. Civ. P. 5(a)(1)(B), (b)(2)(C), and the record establishes that Defendant signed a certified mail receipt for the amended complaint (Aff. of Reneau J. Longoria as to Service of Def., ECF No. 22).

Because Plaintiff fulfilled the requirements of service under the Federal Rules of Civil Procedure, and because the record reflects that Defendant had actual notice of the pendency of the foreclosure action, I further conclude that the process underlying the default judgment did not give rise to exceptional circumstances justifying Defendant's bid for extraordinary relief; that affording relief from the judgment to the Defendant under the circumstances would impose unfair prejudice on Plaintiff; and that the provision of such relief would only serve as an empty exercise given the extent of Defendant's default on the underlying obligation. *See Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local*

*No. 59 v. Superline Transp. Co., Inc.*, 953 F.2d 17, 19-20 (1st Cir. 1992) (outlining requirements of a successful motion for relief from judgment).[2]

Accordingly, Defendant's Objection to the Writ (ECF No. 41) is OVERRULED and the stay is hereby lifted from the Writ of Possession.

**SO ORDERED.**

Dated this 1st day of March, 2023.

                                         /s/ Lance E. Walker
                                         UNITED STATES DISTRICT JUDGE

---

[2] Defendant's final filing in this matter (ECF No. 46) is perplexing. In it she casts aspersions at both representatives of her lender and others she purports to be her own representatives. However, of her varied filings, the one concern that Defendant raised to suggest a misstep worthy of Rule 60 relief was her contention that she was not properly served. I find that the record has not substantiated that contention. Her remaining critiques were forfeited by her election to disregard proceedings in this matter, in which she perhaps may have advocated for herself along similar lines.