UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee, <br><br>    Plaintiff <br><br>    v. <br><br> Julie Poland a/k/a Julie R. Poland, et al. <br><br>    Defendants | 2:19-cv-00365-LEW |

**ORDER ON MOTION FOR APPEAL BOND**

    The matter returns on Plaintiff AJX Mortgage Trust's Motion to Set Appeal Bond (ECF No. 53) pursuant to Federal Rules of Appellate Procedure 7.

    Rule 7 of the Federal Rules of Appellate Procedure gives the Court discretion to "require an appellant to file a bond or provide other security . . . to ensure payment of costs on appeal." Fed. R. App. P. 7. "The determination of the nature and amount of the bond is a matter best left to the sound discretion of the district court." *Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987).

    Plaintiff requests that I impose an appeal bond in the amount of $25,500, an amount that mostly represents anticipated attorney's fees on appeal. The amount of the bond may include the appellee's/movant's anticipated attorney's fees on appeal if the underlying legal claim or relationship authorizes a fee-shifting award. *Int'l Floor Crafts*, *Inc. v. Dziemit*,

420 Fed. App'x 6, 19 (1st Cir. 2011). [1] Only recently, however, I approved Defendant's motion to proceed without prepayment of fees and costs based on a declaration that indicates that Defendant lacks the resources to meet the requested bond. Accordingly, the imposition of a bond in the requested amount would unduly burden Defendant's right of appeal given her limited financial means. Furthermore, although I do not see merit in the appeal, if the First Circuit finds the appeal to be frivolous, then I anticipate that the appeal will be resolved with dispatch, requiring less financial outlay by Plaintiff in relation to attorney's fees, while also allowing for the First Circuit "to award just damages and single or double costs to the appellee." Fed. R. App. P. 38. Finally, though there is a risk that Defendant will not pay or will be unable to pay Plaintiff's costs in the event of an unsuccessful appeal, that would be equally true if I presumed to impose a bond in an amount she could not meet and the First Circuit stayed the bond based on Defendant's limited financial resources.

Plaintiff's Motion to Set Appeal Bond is DENIED.

SO ORDERED.

Dated this 7th day of June, 2023.

      /s/ Lance E. Walker
     UNITED STATES DISTRICT JUDGE

---

[1] I assume without deciding that the right to recover attorney's fees stated in the underlying promissory note and/or mortgage would survive the entry of judgment and sale of the property and allow for fee-shifting in renewed litigation based on a post-sale writ of possession.